UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| G. BUCHANAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00036-JMS-KMB |
| | ) |
| A. ALSIP *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING COMPLAINT AND DIRECTING PLAINTIFF TO SHOW CAUSE**

Gerald Buchanan seeks injunctive relief and damages based on allegations that he was wrongly charged and punished in prison disciplinary proceedings in 2021. Because Mr. Buchanan is a prisoner, the Court is obligated to screen his complaint pursuant to 28 U.S.C. § 1915A. Because his claims are barred either by the doctrine of *Heck v. Humphrey* or the statute of limitations, the Court dismisses his complaint and directs him to show cause why the Court should not enter final judgment.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Buchanan asserts claims for damages and injunctive relief against six defendants based on the following allegations, which the Court accepts as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

On March 31, 2021, Sergeant Cooke wrote a conduct report charging Mr. Buchanan with possessing a controlled substance. However, the report documented a search of a different inmate's cell. Mr. Buchanan alerted Sergeant Miller, the hearing officer, to this discrepancy, and Sergeant Miller dismissed the charge.

On May 14, 2021, Mr. Buchanan filed a grievance asserting that Sergeant Cooke submitted a false conduct report against him. Grievance Specialist Conyers rejected the grievance as untimely.

On July 16, 2021, Sergeant Cooke wrote another conduct report charging Mr. Buchanan with possessing an intoxicant. Mr. Buchanan maintains that the report was false. On July 27, Screening Officer McDonald denied Mr. Buchanan's requests for evidence that would have been exculpatory. The investigator assigned to the case failed to do a thorough job.

Mr. Buchanan alerted Sergeant Miller, again the hearing officer, to deficiencies in the evidence and asserted that Sergeant Cooke wrote the conduct report in retaliation for his grievance. This time, Sergeant Miller found Mr. Buchanan guilty.

In August 2021, Mr. Buchanan returned to his cell and found Sergeant Cooke carrying out an unauthorized search. Sergeant Cooke improperly confiscated all Mr. Buchanan's past grievance

documents. Mr. Buchanan submitted a grievance, and Grievance Officer Conyers wrongly denied it.

In September 2021, Mr. Buchanan appealed his disciplinary conviction. In November 2021, Assistant Warden Alsip wrongly denied the appeal. Mr. Buchanan promptly submitted a second-level appeal, and Appeal Review Officer Gallagher wrongly denied it on December 28, 2021.

Mr. Buchanan signed his complaint on December 27, 2023.

### III. Discussion of Claims

Mr. Buchanan's allegations raise two groups of claims: claims that his rights were denied in connection with his disciplinary proceedings, and claims that Sergeant Cooke violated his First Amendment rights by retaliating against him for pursuing a grievance. Each set of claims either can only be pursued in a habeas corpus action or is barred by the statute of limitations.

A. **Claims That Cannot Be Raised in a Civil Rights Lawsuit**

Mr. Buchanan's claims arising from his disciplinary cases must be for either injunctive relief (*i.e.*, the removal of his convictions or restoration of lost credit time) or damages (*i.e.*, monetary compensation for the violation of his rights). Claims for the injunctive relief Mr. Buchanan might seek may only be pursued through a habeas corpus action, and his claims for damages are barred by the doctrines of *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997).

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his *sole federal remedy* is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (emphasis added). If Mr. Buchanan wishes to

challenge the validity of his disciplinary conviction and recover credit time he lost as a sanction, he must file a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

Meanwhile, under *Heck* and *Balisok*, a prisoner deprived of good credit time in a disciplinary proceeding cannot bring a suit for damages that would imply the invalidity of the disciplinary conviction and sanctions. Whether the plaintiff asserts that his conviction and sanctions are not supported by evidence or that he was denied a procedural protection, he cannot bring a suit for damages or declaratory relief unless "the conviction or sentence has previously been invalidated." *Balisok*, 520 U.S. at 643, 648. The allegations in the complaint indicate that Mr. Buchanan's disciplinary conviction remains in effect, and a review of the Court's docket indicates that he has not challenged it in a habeas corpus proceeding.

In short, any claim seeking removal of a disciplinary conviction or restoration of credit time must be raised in a habeas action, and any claim for damages based on the disciplinary action is barred by *Heck* and *Balisok* until and unless Mr. Buchanan succeeds in invalidating his conviction through habeas or the prison's administrative processes. The complaint indicates he has not done so, and such claims are therefore barred.

**B.     Claims Barred by the Statute of Limitations**

Claims for damages based on misconduct by Sergeant Cooke would properly proceed in a civil rights lawsuit rather than a habeas action, and they would not necessarily be barred by *Heck* and *Balisok*. Claims arising from the first disciplinary action would not be barred because the hearing officer dismissed the charges. Further, Sergeant Cooke's allegedly retaliatory conduct includes a search of Mr. Buchanan's cell that did not end with a disciplinary charge. Even so, any possible claims against Sergeant Cooke are barred by the statute of limitations.

Although untimeliness is an affirmative defense, a court may dismiss a claim *sua sponte* if "the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous." *Muhammad–Ali v. Final Call, Inc.*, 832 F.3d 755, 763 (7th Cir. 2016) (quoting *Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002)); *see also Koch v. Gregory*, 536 F. App'x 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal is appropriate at screening). That is the case here.

Indiana law sets a two-year limitation period for all Mr. Buchanan's possible claims.[1] "In general, 'the cause of action of a tort claim accrues and the statute of limitations begins to run when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another.'" *Filip v. Block*, 879 N.E.2d 1076, 1082 (Ind. 2008) (quoting *Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992)). Discrete tortious "acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

The last action attributed to Sergeant Cooke is a cell search in August 2021. Mr. Buchanan says he walked in on the search, and of course he knew that he previously filed a grievance concerning Sergeant Cooke's misconduct in connection with the first disciplinary proceeding. If the search was retaliatory, Mr. Buchanan's allegations indicate that he knew Sergeant Cooke had wronged him in August 2021. Because he did not file his complaint until December 2023 at the earliest, the statute of limitations bars these claims.

---

[1] *Talevski ex rel. Talevski v. Health & Hosp. Corp.*, 6 F.4th 713, 721 (7th Cir. 2021) ("Section 1983 claims do not have a built-in statute of limitations; instead, they borrow state statutes of limitations and tolling rules for general personal injury actions."). *Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013) ("The pertinent Indiana statute of limitations is two years.") (citing Ind. Code § 34–11–2–4).

## IV. Conclusion

For the reasons articulated in Part III, the complaint is **dismissed** pursuant to § 1915A for failure to state a claim upon which relief may be granted. Mr. Buchanan will have **through August 15, 2024**, to **show cause** why the Court should not dismiss this action without prejudice and enter final judgment. If he fails to respond in the time provided, the Court will dismiss the action without further warning or opportunity to show cause.

**IT IS SO ORDERED.**

Date: 7/15/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

G. BUCHANAN
873224
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064