UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| G. BUCHANAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00036-JMS-KMB |
| | ) | |
| A. ALSIP et al., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING AMENDED COMPLAINT AND DIRECTING ENTRY OF FINAL JUDGMENT**

The Court dismissed Gerald Buchanan's complaint because every claim he asserted was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), or the statute of limitations. Because he is a prisoner, the Court must screen Mr. Buchanan's amended complaint pursuant to 28 U.S.C. § 1915A. Because the allegations in the amended complaint support only claims that would be barred by the statute of limitations, it too is dismissed.

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

**II. The Amended Complaint**

Mr. Buchanan seeks damages and injunctive relief from seven defendants based on the following allegations, which the Court accepts as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

On March 31, 2021, Sergeant Cooke charged Mr. Buchanan with a disciplinary violation based on a substance she found in a different inmate's cell. Disciplinary Hearing Officer Miller recognized the discrepancy and dismissed the conduct report.

Mr. Buchanan submitted a grievance against Sergeant Cooke on May 14, 2021, but it was returned as late.

On July 16, 2021, Sergeant Cooke charged Mr. Buchanan with another disciplinary violation. Mr. Buchanan argued that the charge was retaliatory and unsupported. DHO Miller found Mr. Buchanan guilty and failed to honor some due process protections. It is not clear what sanctions were assessed. However, Mr. Buchanan states that he was not punished with a "grievous loss," *see* dkt. 12 at ¶ 28, which the Court understands to mean that he was not deprived of credit time or demoted in credit-earning class.[1]

Mr. Buchanan appealed to Deputy Warden Alsip and was denied on November 1, 2021. He appealed again to the appeal review officer, who responded on December 28, 2021, that he had no right to a second-level appeal because he was not punished with a grievous loss.

[1] *See* Indiana Department of Correction, *Disciplinary Code for Incarcerated Adults*, § III(Y) (eff. May 1, 2023) (avail. at https://www.in.gov/idoc/files/policy-and-procedure/policies/02-04-101-ADP-5-1-2023.pdf) (defining "grievous loss" as "[a] sanction imposed, as the result of a disciplinary action, which results in *the loss of earned credit time or a demotion to a lower credit class,* disciplinary restrictive status housing in excess of 60 days and/or restitution in excess of $250.00.") (emphasis added).

On August 15, 2021, Sergeant Cooke searched Mr. Buchanan's cell and confiscated papers without completing any paperwork. Mr. Cooke submitted another grievance. He did not receive a favorable response to his grievance or appeals.

Mr. Buchanan wrote letters to the grievance manager in February and June 2022 and January 2023 but received no answer.

His original complaint is dated December 27, 2023, and was received by the court on January 3, 2024. Dkt. 1.

**III. Discussion of Claims**

The Court dismissed Mr. Buchanan's original complaint on grounds that all claims were barred either by *Heck* or by the statute of limitations. New allegations in the amended complaint—that Mr. Buchanan was not deprived of credit time or class—remove *Heck* from the equation. However, all claims alleged in the amended complaint are barred by the statute of limitations.

**A. *Heck***

Under *Heck* and *Edwards v. Balisok*, 520 U.S. 641 (1997), a prisoner deprived of good credit time in a disciplinary proceeding cannot bring a suit for damages that would imply the invalidity of the disciplinary conviction and sanctions. Whether the plaintiff asserts that his disciplinary conviction and sanctions are not supported by evidence or that he was denied a procedural protection, he cannot bring a suit for damages or declaratory relief unless "the conviction or sentence has previously been invalidated." *Balisok*, 520 U.S. at 643, 648.

But the notion that "*Heck* applies categorically to all suits challenging prison disciplinary proceedings" is a "mistaken view." *Muhammad v. Close*, 540 U.S. 749, 754 (2004). Rather, *Heck* applies only to claim that could "be construed as seeking a judgment at odds with" the plaintiff's underlying criminal conviction "or with the State's calculation of time to be served in accordance

with the underlying sentence." *Id* at 754–55. If the plaintiff never could have obtained habeas corpus relief "on any recognized theory," "*Heck*'s favorable termination requirement" does not apply. *Id.* at 755.

To be considered "in custody" for purposes of a habeas challenge to a prison disciplinary conviction, the petitioner must have been deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001). Mr. Buchanan alleges in the amended complaint that he was not punished with a loss of credit time or a demotion in credit-earning class. He therefore could not have brought a habeas challenge to any of the disciplinary actions alleged in the amended complaint. Under *Muhammad*, *Heck*'s favorable termination requirement does not apply to any claim raised in the amended complaint.

**B. Statute of Limitations**

Under Indiana law, Mr. Buchanan was obligated to file all his claims within two years after they accrued.[2] "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 387–88 (2007). "It is the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Id.* at 388 (internal quotations and citations omitted). More simply, a claim does not accrue until the plaintiff "knows the fact and cause of an injury." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).

Nearly every wrongful act alleged in the amended complaint—Sergeant Cooke's retaliatory disciplinary charge, due-process deprivations during the disciplinary proceeding, Deputy Warden

[2] *Talevski ex rel. Talevski v. Health & Hosp. Corp.*, 6 F.4th 713, 721 (7th Cir. 2021) ("Section 1983 claims do not have a built-in statute of limitations; instead, they borrow state statutes of limitations and tolling rules for general personal injury actions."). *Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013) ("The pertinent Indiana statute of limitations is two years.") (citing Ind. Code § 34–11–2–4).

Alsip's denial of his appeal, and mishandling or ignorance of his grievances—occurred more than two years before Mr. Buchanan signed his original complaint on December 27, 2023. Only a few events described in the amended complaint occurred within two years of his original complaint, and none supports a viable claim for relief.

The appeal review officer responded on December 28, 2021, to Mr. Buchanan's second-level disciplinary appeal that he had no right to a second-level appeal because he was not punished with a grievous loss. The appeal review officer is not a defendant, and the denial of the second-level appeal was not integral to the accrual of any other claim. If Sergeant Cooke brought the disciplinary charge out of retaliation, or if the hearing officer deprived him of due process, or if the deputy warden wrongly denied his appeal, Mr. Buchanan knew he had been wronged when those events occurred. Any claim based on those acts accrued when the acts occurred, not when Mr. Buchanan's second-level appeal was rejected.

Mr. Buchanan also wrote letters to the grievance manager in February and June 2022 and January 2023 and received no answer. Mr. Buchanan alleges that the grievance manager failed to respond to grievances in September 2021—well over two years before he filed his original complaint. The grievance officer's alleged failure to respond to letters several months later does not support an independent claim. *See, e.g.*, *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (The notion that every official who receives written notice of a wrongful act "must drop everything he or she is doing in order to investigate" the allegations, and then must be liable for damages, "can't be right.").

Although untimeliness is an affirmative defense, a court may dismiss a claim *sua sponte* if "the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous." *Muhammad–Ali v. Final Call, Inc.*, 832 F.3d 755, 763 (7th Cir. 2016)

(quoting *Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002)); *see also Koch v. Gregory*, 536 F. App'x 659 (7th Cir. 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal is appropriate at screening). That is the case here.

## IV. Conclusion and Further Proceedings

Mr. Buchanan's motion for extension of time, dkt. [11], is **denied as moot** because he filed an amended complaint by the August 15, 2024 deadline. *See* dkts. 10, 12. However, because all claims are barred by the statute of limitations, the action is **dismissed with prejudice** pursuant to 28 U.S.C. § 1915A for **failure to state a claim** upon which relief may be granted. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 10/29/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

G. BUCHANAN
873224
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064